﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190318-4147
DATE: November 27, 2019

ORDER

Entitlement to service connection for irritable bowel syndrome (IBS) as secondary to depressive disorder with panic disorder is granted.

Entitlement to service connection for Raynaud’s disease as secondary to depressive disorder with panic disorder is granted.

REMANDED

Issue of entitlement to service connection for a left knee condition as secondary to lumbar spine (L5/S1) degenerative disc disease is remanded.

Issue of entitlement to service connection for right knee condition as secondary to lumbar spine (L5/S1) degenerative disc disease is remanded.

FINDINGS OF FACT

1. The evidence is in at least relative equipoise as to whether the Veteran’s IBS ia aggravated by his service connected depressive disorder with panic disorder.

2. The evidence is in at least relative equipoise as to whether the Veteran’s Raynaud’s disease is aggravated by his depressive disorder with panic disorder.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for IBS as secondary to depressive disorder with panic disorder have been met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.310 (2018).

2. The criteria for entitlement to service connection for Raynaud’s disease as secondary to depressive disorder with panic disorder have been met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.310(a) (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board of Veterans’ Appeals (Board) notes that the rating decisions on appeal were issued in September 2008 and November 2016. In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran served on active duty from June 1977 to March 1999.

The Veteran’s claim of entitlement to service connection for Raynaud’s disease was denied in March 2010 and appealed under the legacy review of benefit claims decisions. See March 2010 Rating decision; July 2010 Notice of Disagreement (NOD); December 2012 Statement of the Case (SOC); December 2012 Substantive appeal (VA Form 9). Before the case was activated to the Board, the Veteran withdrew his appeal under the legacy review of benefit claims decisions and opted into the Appeals Modernization Act (AMA) by submitting a Rapid Appeals Modernization Program (RAMP) election form. June 2018 RAMP Opt-in election.

During the pendency of the appeal, the Veteran also filed a request to reopen his prior finally disallowed claims of entitlement to service connection for IBS as secondary to his service-connected depressive and panic disorder, a left knee condition as secondary to his degenerative disc disease, and a right knee condition as secondary to his degenerative disc disease. The claims were denied and the Veteran appealed. November 2016 Rating decision; March 2017 NOD. The Veteran also withdrew his appeal for these claims under the legacy review of benefit claims decisions and opted into the AMA through the June 2018 RAMP Opt-in election form. June 2018 RAMP Opt-in election.

The Veteran selected the Higher-Level Review lane for his appeal when he opted into AMA and, in October 2018, a Decision Review Officer (DRO) found a duty to assist error and requested further development. See June 2018 RAMP Opt-in election; October 2018 Correspondence. After the Agency of Original Jurisdiction (AOJ) developed the evidence, the appeal was denied based on all of the evidence of record at the time. February 2019 Rating decision. The Veteran timely appealed this rating decision to the Board and requested a direct review of the evidence considered by the AOJ. March 2019 VA Form 10182. 

The Board notes that evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Service connection may be established for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. 

Service connection may be established on a secondary basis for: (1) a disability which is proximately due to or the result of a service-connected disease or injury; or, (2) any increase in severity of a nonservice-connected disease or injury which is proximately due to or the result of a service-connected disease or injury, and not due to the natural progression of the nonservice-connected disease or injury. 38 C.F.R. § 3.310 (a)-(b); see also 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a); Allen v, Brown, 7 Vet. App. 439 (1996) (en banc); Ward v. Wilkie, 31 Vet. App. 233 (2019).

Generally, to prevail on theory of secondary service connection, there must be evidence of (1) a current disability, (2) a service-connected disability, and (3) a nexus, or link, between the current disability and the service-connected disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

1. Entitlement to service connection for IBS as secondary to depressive disorder with panic disorder from August 31, 2016, to February 28, 2019.

The Veteran asserts that his IBS is aggravated by his depressive disorder. May 2014 Correspondence. The Veteran relates that his doctor told him that stress can stimulate colon spasms in people with IBS. Id.

The AOJ found that new and relevant evidence was received to warrant reconsidering the Veteran’s claim of service connection for IBS and that May 2016 private treatment evidence supports IBS as a current disability. See February 2019 Rating decision.

The evidence also shows that Veteran’s depressive disorder with panic disorder is a service connected disability. See July 2019 Rating codesheet.

The remaining question for the Board is whether there is a medical link between the Veteran’s IBS and depressive disorder. After careful and thorough consideration of the evidence, the Board finds that the evidence is in at least relative equipoise as to whether the Veteran’s IBS is aggravated by his depressive disorder with panic disorder.

The Veteran’s private treatment provider, S A A, M.D., opined that the Veteran’s IBS can be aggravated by stress and depression. July 2013 Private treatment evidence. The Board finds Dr. S A A’s opinion is entitled to probative weight as a medical professional qualified to evaluate the Veteran’s IBS and the Veteran’s treatment provider. The opinion supports a link between the Veteran’s IBS and his service connected depressive disorder with panic disorder.

The Board recognizes that the February 2019 VA examiner opined that the Veteran’s IBS is less likely as not aggravated beyond natural progression by his depressive disorder. February 2019 VA examination. The VA examiner explained that they are separate and distinct conditions that would not cause the other to occur or progress beyond its natural progression. Id. The VA examiner is a medical professional qualified to evaluate the Veteran’s IBS and the opinion raises a reasonable doubt as to the Veteran’s claim.

However, in resolving any reasonable doubt in favor of the Veteran, the Board finds that the evidence supports the Veteran’s IBS is aggravated by his depressive disorder with panic disorder. Accordingly, the Board finds that service connection for IBS as secondary to depressive disorder with panic disorder is warranted.

2. Entitlement to service connection for Raynaud’s disease as secondary to depressive disorder with panic disorder from May 30, 2014, to February 28, 2019.

The Veteran contends that his treatment providers support that this his Raynaud’s disease is aggravated by his depressive disorder with panic disorder. See March 2019 Correspondence.

The AOJ found new and relevant evidence was received to warrant reconsidering the Veteran’s claim of service connection for Raynaud’s disease and that Raynaud’s disease is a current disability. See February 2019 Rating decision.

As discussed above, the Veteran’s depressive disorder with panic disorder is a service connected disability.

The remaining question for the Board is whether there is a link between the Veteran’s Raynaud’s disease and depressive disorder with panic disorder. After careful and thorough consideration of the evidence, the Board finds that the evidence is in at least relative equipoise as to whether the Veteran’s Raynaud’s disease is aggravated by his depressive disorder with panic disorder.

Dr. S A A opined that the Veteran’s Raynaud’s disease is exacerbated by his depression and anxiety. June 2015 Private treatment evidence. In November 2015, private treatment provider M C A, M.D., explained on the Veteran’s behalf that Raynaud’s is a condition in which some of the body’s blood vessels constrict in an exaggerated way in response to cold or emotional stress. November 2015 Third party correspondence. Dr. M C A added that specialized blood vessels in the fingers and toes are controlled by the sympathetic nervous system, which is the same symptom that reacts when we are nervous or upset, and that this is why both cold and emotional stress can trigger vasoconstriction. See id. The Board finds that, taken together, the opinions from Drs. S A A and M C A support a medical link between the Veteran’s Raynaud’s disease and his depressive disorder with panic disorder.

The Board recognizes that the February 2019 VA examiner opined that the Veteran’s Raynaud’s disease is less likely as not aggravated beyond natural progression by his depressive disorder. February 2019 VA examination. The VA examiner explained that psychiatric disorders do not cause arterial or circulation disorders to worsen. Id. However, the VA examiner does not address Dr. M C A’s opinion on how emotional stress could affect vasoconstriction. The VA examiner’s opinion is still probative as a medical professional qualified to evaluate the nature of the Veteran’s Raynaud’s disease and the opinion does raise a reasonable doubt as to whether there is a link between Raynaud’s disease and a psychiatric disorder.

However, in resolving any reasonable doubt in favor of the Veteran, the Board finds that the evidence supports the Veteran’s Raynaud’s disease is aggravated by his depressive disorder with panic disorder. Accordingly, service connection for Raynaud’s disease as secondary to depressive disorder with panic disorder is warranted. 

REASONS FOR REMAND

1. Issue of entitlement to service connection for a left knee condition as secondary to lumbar spine (L5/S1) degenerative disc disease is remanded.

The Board cannot make a fully-informed decision on the issue of entitlement to service connection for a left knee condition because an addendum opinion by a VA examiner is needed as to whether the Veteran’s service connected lumbar spine degenerative disc disease resulted in an antalgic gait and, if so, whether the Veteran’s left knee condition is proximately due to, result in, or is aggravated by the antalgic gait.

The February 2019 VA examiner opined that the Veteran’s left knee condition, diagnosed as chondromalacia and meniscus tear, is less likely as not aggravated by the Vetran’s lumbar spine degenerative disc disease. February 2019 VA examination. However, the VA examiner did not specifically address whether the Veteran’s back condition caused an antalgic gait and, if so, whether the antalgic gait may have caused the Veteran’s left knee condition.

Private treatment notes from treatment provider S H, PAC, suggest that the Veteran’s knee pain is aggravated by an abnormal gait caused by his chronic low back injury. April 2015 Private treatment evidence. Private treatment provider J R, M.D., noted that the Veteran’s meniscus tear “may” have been exacerbated by his chronic low back pain, which had significantly altered his gait. March 2016 Private treatment evidence. VA treatment records in 2016 show that the Veteran was seen for physical therapy for gait deviation due to tibialis anterior weakness, “possibly” related to lumbar radiculopathy. October 2016 VA treatment evidence.

The Board finds that an addendum opinion by a VA examiner is needed as to whether the Veteran’s service connected lumbar spine degenerative disc disease has or had altered the Veteran’s gait and, if so, whether the Veteran has a current left knee condition that is proximately due to, the result of, or aggravated by this altered gait.

2. Issue of entitlement to service connection for right knee condition as secondary to lumbar spine (L5/S1) degenerative disc disease is remanded.

The Board cannot make a fully-informed decision on the issue of entitlement to service connection for a right knee condition because an addendum opinion by a VA examiner is needed as to whether the Veteran’s service connected lumbar spine degenerative disc disease resulted in an antalgic gait and, if so, whether the Veteran’s right knee condition is proximately due to, result in, or is aggravated by the antalgic gait.

As discussed above in regard to his left knee condition, private treatment evidence suggests that the Veteran’s knee condition may be due to an antalgic gait caused by his service connected lumbar degenerative disc disease.

The Board finds that an addendum opinion by a VA examiner is needed as to whether the Veteran’s service connected lumbar spine degenerative disc disease has or had altered the Veteran’s gait and, if so, whether the Veteran has a current right knee condition that is proximately due to, the result of, or aggravated by this altered gait.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate medical professional to determine the nature and cause of the Veteran’s left and right knee conditions. If the medical professional determines that it is necessary, schedule the Veteran for a VA examination regarding the etiology of knee conditions. The examiner should consider and discuss the Veteran’s lay testimony and assertions regarding any pertinent complaints and symptoms. A detailed explanation (rationale) is requested, including citing to supporting clinical data (and/or medical literature), as appropriate

The medical professional should respond to the following:

(a) Is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s service connected lumbar degenerative disc disease or right lower extremity radiculopathy has or had altered the Veteran’s gait? The medical professional should specifically address the 2016 VA treatment evidence showing that the Veteran was in physical therapy for gait deviation due to tibialis anterior weakness that was noted as possibly related to his lumbar radiculopathy.

(b) If the medical professional finds that the Veteran’s lumbar spine degenerative disc disease or right lower extremity radiculopathy has or had altered the Veteran’s gait, is it at least as likely as not (50 percent or greater probability) that the Veteran’s current left or right knee conditions are proximately due to or the result of this altered gait? The medical professional should address and discuss the private treatment evidence indicating that the Veteran’s back injury caused an antalgic gait that may have caused his knee conditions.

(c) If the Veteran’s knee conditions are found not proximately due to or the result of the altered gait, the medical professional should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s current right or left knee condition is aggravated by this altered gait. 

(d) If the Veteran’s current right or left knee condition is deemed to be unrelated to service or one or more service connected disabilities, the examiner should, if possible, identify the cause considered more likely and explained why that is so. 

2. After the above development has been completed, review the record and ensure that all development sought in this remand has been completed. Arrange for any further development indicated by the results of the development requested above, if deemed warranted by the AOJ, and re-adjudicate the claims.

 

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.